**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:08CR209** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **JAYNE WEBER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections to the previous version of the PSR (Filing No. 50).[1] The Defendant also filed a motion for downward departure or, alternatively, for variance (Filing No. 56) and a sentencing statement (Filing No. 58). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

*¶ 44 - Amount of Loss for Guideline and Restitution Purposes*

The Defendant, Jayne Weber, objects to the amount of loss and 14-level increase in the offense level in ¶ 44. Weber argues that the total loss is less than $400,000, resulting in a 12-level increase in the offense level.

---

[1] The Defendant's objections were filed on May 4, 2009 (Filing No. 50), rather than being sent only to the probation officer as contemplated by ¶ 4 of the sentencing schedule (Filing No. 52). The Revised PSR was sent to the Court in a timely manner on June 12, 2009. No objections were filed following the submission of the final version of the PSR to the Court as contemplated under ¶ 6 of the sentencing schedule (Filing No. 52). Therefore, because the Court possesses a different version of the PSR than the PSR to which Weber's counsel refers to in the objections, some objections appear to be moot and paragraph numbers have changed. Because the Court does not receive the initial draft of the PSR sent to counsel under ¶ 3 of the PSR, the Court interpreted the objections to the best of its ability in light of the Revised PSR.

Weber also argues that any restitution owed is less than $400,000, and not $467,868.02 as stated in ¶ 93.[2]

The objections will be heard at sentencing. The government has the burden by a preponderance of the evidence.

IT IS ORDERED:

1. The Defendant's objections to ¶¶ 44 and 93 of the PSR (Filing No. 50) will be heard at sentencing, and otherwise unless the objections relate to the objections regarding these paragraphs they are denied as moot in light of the Revised PSR;

2. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

3. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final;

4. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing;

5. The Defendant's motion for downward departure or variance (Filing No. 78) will be heard at sentencing; and

---

[2]According to Weber's objections, the restitution amount was stated in ¶ 78 as $509,482. This was apparently the amount stated in the initial PSR.

      6.      If the parties need more than 30 minutes for the entire sentencing hearing they should immediately contact Edward Champion and reschedule the hearing.

DATED this 29th day of June, 2009.

                              BY THE COURT:

                              s/Laurie Smith Camp
                              United States District Judge